**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-5255**

───────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

NICHOLAS WHEELER,

                    Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge.  (5:10-cr-00165-BO-1)

───────────

Submitted:  September 19, 2011      Decided:  December 13, 2011

───────────

Before WILKINSON, NIEMEYER, and DIAZ, Circuit Judges.

───────────

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

───────────

G. Alan DuBois, Assistant Federal Public Defender, Raleigh,
North Carolina, for Appellant.    Jennifer P. May-Parker,
Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nicholas Wheeler pleaded guilty, pursuant to a written plea agreement, to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). The district court imposed a sentence of 100 months in prison followed by three years of supervised release. On appeal, Wheeler's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he could find no meritorious issues not precluded by the appeal waiver in Wheeler's plea agreement. Wheeler was notified of his right to file a pro se supplemental brief but has not done so. The Government moved to dismiss the appeal to the extent it is precluded by the appeal waiver in Wheeler's plea agreement.

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Wheeler knowingly and voluntarily waived his right to appeal his sentence. The issue raised in Wheeler's Anders brief falls squarely within the compass of the waiver. Accordingly, we grant the Government's motion to dismiss the appeal as to Wheeler's sentence.

The waiver provision did not, however, waive Wheeler's right to appeal his conviction. In accordance with Anders, we have thoroughly examined the entire record for any potentially meritorious issues outside the scope of Wheeler's appeal waiver.

2

We have found no such issues. Therefore, we affirm Wheeler's conviction and grant the Government's motion to dismiss in part as to Wheeler's sentence.

This court requires that counsel inform Wheeler, in writing, of the right to petition the Supreme Court of the United States for further review. If Wheeler requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wheeler. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART